NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1030

STATE OF LOUISIANA

VERSUS

ALFONZO JERMAINE JOHNLOUIS

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 07-336
HONORABLE EDWARD M. LEONARD, JR., DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JAMES T. GENOVESE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, Billy Howard Ezell, and James T. Genovese, Judges.

AFFIRMED.

Phil Haney
District Attorney – Sixteenth Judicial District
Robert Clauson Vines
Assistant District Attorney
300 Iberia Suite 200
New Iberia, Louisiana 70560
(318) 369-4420
COUNSEL FOR APPELLEE:
        State of Louisiana

**Alfonzo Jermaine Johnlouis**
**In Proper Person**
**Avoyelles Correctional Center**
**1630 Prison Road**
**Cottonport, Louisiana 71327**
**PLAINTIFF/APPELLANT**

**GENOVESE, Judge.**

Defendant, Alfonzo Jermaine Johnlouis, appeals the trial court's denial of his Motion for Release of Seized Property relative to a 2001 Lincoln Town Car. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

Defendant was charged by bill of information with possession of at least twenty-eight but less than two hundred grams of cocaine, possession of marijuana, and transactions involving proceeds from drug offenses, in violation of La.R.S. 40:967, La.R.S. 40:966, and La.R.S. 40:1041 respectively. At the time of his arrest by the Iberia Parish Sheriff Department, Mr. Johnlouis was in possession of $3,317.00 in cash, which was confiscated. Additionally, at the time of his arrest, the 2001 Lincoln Town Car owned by Mr. Johnlouis was towed away.

Mr. Johnlouis filed a Motion and Order for Release of Seized Property, seeking a return of both the $3,317.00 in cash and the Lincoln Town Car. The trial court ordered the district attorney to file an answer to the motion; however, when no answer was forthcoming, Mr. Johnlouis filed a Motion for Judgment on Default. In opposition, the State argued that it had never seized the 2001 Lincoln Town Car and surmised that it was towed from the scene of the arrest because it was located on private property. The trial court subsequently issued Reasons for Judgment wherein it concluded:

> As such, the [c]ourt finds that the Defendant, Alfonzo Johnlouis' Motion for Return of Seized Property is well-founded as to the $3,317.00 U.S. CURRENCY and will order that the money seized be returned to the registry of the court for reimbursement to Mr. Jeanlouis [sic] in accordance with the ruling herein. The [c]ourt will deny the Motion for Return of Seized Property as Defendant has failed to introduce evidence that the vehicle was seized in this matter.

After receiving the trial court's Reasons for Judgment, Mr. Johnlouis filed a Motion for Rehearing with regard to the trial court's denial of the return of the

Lincoln Town Car. The trial court then issued an order stating that "the [c]ourt has reviewed the submissions by the [D]efendant and has reviewed the entire record in this matter and can find no indication that the [d]istrict [a]ttorney actually seized the vehicle in question[,] and [D]efendant's attachments established only that the Sheriff had the vehicle towed away." Thus, the trial court denied the motion. Mr. Johnlouis appeals.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Johnlouis asserts that "there was sufficient evidence before the court to establish [that] the vehicle was seized illegally." Additionally, he contends that he "did not have [a] meaningful opportunity to introduce evidence, witneess [sic] or any other items of interest."

## LAW AND DISCUSSION

In denying Mr. Johnlouis' motion for the return of the Lincoln Town Car, the trial court, in its Reasons for Judgment, expressly stated that "the [c]ourt will deny the Motion for Return of Seized Property as Defendant has failed to introduce evidence that the vehicle was seized in this matter." We find no error in the trial court's ruling.

The Confinement Order of the Iberia Parish Sheriff Department, which was completed by Deputy Kirk Dunn in connection with Mr. Johnlouis' arrest, is contained in the record. That document identifies the Lincoln Town Car and states in the section entitled "DISPOSITION OF VEHICLE" that the vehicle was "TOWED TO MARK'S TOWING YARD WITH [A] HOLD[.]" This evidence is consistent with Mr. Johnlouis' assertion, in his brief to this court, that "[t]he record in this case, abundantly demonstrates that the Sheriff Office Seized Defendant[']s 2001 Lincoln [Town Car] on December 20, 2006 by Sheriff Deputy Kirk Dunn, and that the vehicle was towed by Mark[']s Towing with a hold." However, we

2

agree with the trial court that the record is void of any evidence that the subject 2001 Lincoln Town Car was ever seized by the State or that the State ever had possession of the vehicle. We, therefore, find no merit to Mr. Johnlouis' first assignment of error.

Mr. Johnlouis' second assignment of error addresses the alleged untimeliness of the trial court's issuance of his requested subpoenas. He argues that as a consequence thereof, he "was not allowed to produced [sic] evidence or facts surrounding [his] claim." Mr. Johnlouis concludes that he "was not given a fair chance to produce the facts and evidence to show that the vehicle was towed to Mark's Towing Company with a hold by the Sheriff Deputy Kirk Dunn." To the contrary, as set forth above, that is exactly what the evidence clearly establishes. What is relevant, however, is that the evidence **does not** establish that the subject 2001 Lincoln Town Car was ever seized by the State, or that the State ever had possession of the vehicle. Therefore, even if the requested subpoenas were not timely issued, Mr. Johnlouis was not prohibited from establishing that the vehicle was towed by the Iberia Parish Sheriff Department. That fact was established, but irrelevant since Mr. Johnlouis must prove that the vehicle was seized by or in the possession of the State, which he failed to do. This assignment is, likewise, without merit.

## DECREE

For the reasons assigned, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Alfonzo Jermaine Johnlouis.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION. Uniform Rules—Courts of Appeal, Rule 2—16.3.

3